C. A. LEWELLEN, Appellee, v. R. N. THOMAS et al., Appellants.

PARTNERSHIP: Dissolution—Evidence. A partnership is not dissolved *per se* by the act of one partner in ceasing to give his personal services to the firm's business, when his capital remained in the firm, and the remaining partner made no request for a dissolution.

*Appeal from Page District Court.*—J. B. ROCKAFELLOW, Judge.

APRIL 6, 1920.

REHEARING DENIED NOVEMBER 23, 1920.

SUIT in equity for a partnership accounting. There was a decree for the plaintiff, and defendant has appealed. —*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellants.

*Tinley, Mitchell, Pryor & Ross,* and *Wilson & Keenan,* for appellee.

EVANS, J.—The plaintiff and the defendant R. N. Thomas entered into a certain partnership agreement, whereby they operated under the firm name of R. N. Thomas and R. N. Thomas Company. The partnership agreement was reduced to writing, but never signed. The contents of the writing are accepted, however, by both sides, as substantially correct. The agreement provided for a term of five years, beginning with January 2, 1906, and ending January 2, 1911. The partners were brothers-in-law. The defendant Thomas was the inventor of a husking peg, and had duly obtained patent for his device. The business

of the partnership consisted of the manufacture and sale of the husking peg and other novelties. Under the agreement, the plaintiff was to put into the capital the sum of $4,000, and the defendant was to put in $3,000. Thomas looked after the administrative work pertaining to the business, and the plaintiff kept the books. Thomas was to receive a salary of $1,200 a year, and the plaintiff, a salary of $1,000 a year. Profits accrued, if any, were to accumulate, and to remain in the business until the end of the term. At the end of the term, it was not deemed advantageous by either party to dissolve the partnership, and it was continued, first for one year, and later indefinitely. Each partner continued his work as before, and each drew the stipulated salary. After the close of the year 1913, and after the closing up of the business of the firm for that year, the plaintiff did not longer give his personal services to the partnership, nor did he draw thereafter any salary. The defendant continued his services as before, and continued to draw his salary, or its equivalent. He employed members of his family to do the bookkeeping formerly done by the plaintiff. Members of the plaintiff's family, consisting of three boys, were also employees of the partnership, and their employment continued for a period of two or three years after 1913. About the first of January, 1917, the plaintiff asked for a dissolution and settlement, based upon an accounting. This appears to have been the first time that anything was said between the partners on the subject of dissolving the partnership. At this time, the defendant Thomas took the ground that the partnership had been dissolved on January 1, 1914, by the act of the plaintiff in quitting the service of the firm at that time. This contention presents the issue in this case. The plaintiff claims an accounting for profits up to January 1, 1917. The defendant concedes an accounting up to January 1, 1914. The only question presented to us is one of fact. Was the partnership dissolved on January 1, 1914?

The circumstances attending the termination of plain-

tiff's personal service were quite uneventful. Nothing was said on the subject between the partners. There was no friction between them. The service was distasteful to the plaintiff. He preferred to waive the salary, rather than to do the work, and was content to allow others to be employed.

The facts that the partnership was originally for a fixed term, and that it was later continued for an indefinite period, and that its continuance was, therefore, subject to the will of either partner, and that the plaintiff did cease his personal connection with it about January 1, 1914, are circumstances which tend to sustain the defendant's contention. If the business of the partnership involved only the personal service and earnings of the partners, such circumstances would be quite persuasive in support of the defendant's contention. But capital was involved. Profits were to accumulate. Though plaintiff invested the larger amount of capital, he was to receive only 40 per cent of the profits, and defendant 60 per cent. The agreement expressly provided the manner of dissolution, and the settlement at the close of the partnership. The working tools and machinery of the factory were to be taken by the defendant at cost price, less a specified discount. The plaintiff's capital, if unimpaired by losses, was to be returned, and his share of the profits to be paid. Nothing of this kind was done; nor was anything of the kind proposed or discussed, prior to about January, 1917. During the three intervening years, the plaintiff's capital carried the risk of the business, and he himself was undoubtedly liable as a member of the firm to all the creditors thereof. The salary of the defendant Thomas continued, and the plaintiff necessarily bore his share of it. The plaintiff waived his salary, and permitted it to be utilized in the payment of someone else to do the work. Such a situation would not necessarily work inequitably, as between the partners. Thomas never complained thereof, nor did he ever propose an actual termination of the partnership. In view of the circumstances here indicated,

the court would not be justified in implying a termination of the partnership as a matter of law, because of the ceasing of plaintiff's personal service. We hold, therefore, that the trial court properly treated the partnership as existing up to January 1, 1917.

The appellant makes no complaint of items allowed by the trial court in the accounting. His complaint is directed to the finding of the continuation of the partnership up to January 1, 1917. The trial court found the amount due plaintiff as capital and profits, up to the date of the termination, as approximately $8,700. The fact that so substantial a sum was left by plaintiff and retained by defendant as a part of the firm assets, without the issue to plaintiff of any evidence of indebtedness except the unsigned partnership agreement, is itself a very persuasive circumstance in support of the alleged continuance of the partnership.

The record is too voluminous for us to deal with in great detail. We are satisfied of the correctness of the decree of the district court. It is, accordingly,—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.